1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11    ALEXANDRE DAVIS,                        Case No.:  23cv1333-CAB (JLB)

12                        Plaintiff,
                                               **ORDER DENYING MOTION TO**
13          vs.                                **PROCEED IN FORMA PAUPERIS**
                                               **AND DISMISSING CIVIL ACTION**
14
      ABNER EDERY, et al.,
15
                        Defendants.
16

17         Alexandre Davis ("Plaintiff"), a state prisoner proceeding pro se, has filed a civil

18    rights Complaint accompanied by a motion to proceed in forma pauperis ("IFP").  (ECF

19    Nos. 1-2.)

20    **I.     Motion to Proceed IFP**

21         All parties instituting any civil action, suit or proceeding in a district court of the

22    United States, except an application for writ of habeas corpus, must pay a filing fee of

23    $402.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a failure to prepay the

24    entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a).  *See*

25

26    _____

27    [1]  In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP,
      must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial
28    Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

1

1    *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) also

2    requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund

3    account statement (or institutional equivalent) for . . . the 6-month period immediately

4    preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d

5    1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses

6    an initial payment of 20% of (a) the average monthly deposits in the account for the past

7    six months, or (b) the average monthly balance in the account for the past six months,

8    whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1) & (4).

9    The institution collects subsequent payments, assessed at 20% of the preceding month's

10   income, in any month in which the account exceeds $10, and forwards those payments to

11   the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).  The plaintiff

12   remains obligated to pay the entire fee in monthly installments regardless of whether their

13   action is ultimately dismissed.  *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

14          Plaintiff's IFP application does not contain the required trust fund account statement.

15   (*See* ECF No. 2.)  The Court cannot grant the IFP application without the trust fund account

16   statement for the 6-month period immediately preceding the filing of the Complaint.  *See*

17   *Andrews*, 398 F.3d at 1119 ("prisoners must demonstrate that they are not able to pay the

18   filing fee with an affidavit and submission of their prison trust account records."), citing

19   28 U.S.C. § 1915(a)(1)&(2).  Plaintiff's motion to proceed IFP is **DENIED** and this action

20   is **DISMISSED** without prejudice based on Plaintiff's failure to pay the civil filing and

21   administrative fee or to submit a properly supported motion to proceed IFP pursuant to 28

22   U.S.C. §§ 1914(a) & 1915(a).

23   **II.    Conclusion and Order**

24          Accordingly, the Court:

25          (1)    **DENIES** Plaintiff's motion to proceed IFP without prejudice (ECF No. 2).

26          (2)    **DISMISSES** this civil action without prejudice based on Plaintiff's failure to

27   pay the civil filing and administrative fee or to submit a properly supported motion to

28   proceed IFP pursuant to 28 U.S.C. §§ 1914(a) & 1915(a).

(3)     **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire $402 civil filing and administrative fee in full; or (b) complete and file a properly supported motion to proceed IFP which includes a certified copy of their prison trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b).  If Plaintiff fails to either pay the $405 civil filing fee or submit a properly supported motion to proceed IFP within 45 days, this action will remain dismissed without prejudice based solely on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement and without further Order of the Court.

**IT IS SO ORDERED**

Dated:  July 27, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3

23cv1333-CAB (JLB)